**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAVELL FOX,

                                    Plaintiff,

              - v -                                              Civ. No. 9:15-CV-144
                                                                        (LEK/DJS)

DIANE LABATTE, *Steward; Eastern NY Corr. Facility*,

                                    Defendant.

**APPEARANCES:**                         **OF COUNSEL:**

JAVELL FOX
Plaintiff, *Pro Se*
12-B-1626
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. ERIC T. SCHNEIDERMAN            CHRISTOPHER J. HUMMEL, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

        Plaintiff initiated this civil rights action, pursuant to 42 U.S.C. § 1983, alleging that

Defendant interfered with his legal mail and denied him access to the courts in violation of his First

and Fourteenth Amendment rights. Dkt. No. 1, Compl. On May 20, 2015, in *lieu* of answering,

Defendant filed a Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56.

Dkt. No. 14. By her Motion, Defendant contends that prior to bringing this action, Plaintiff failed

to fully exhaust his available administrative remedies.  Plaintiff opposes the Motion.  Dkt. No. 18.[1]

## I.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with [ ] affidavits, if any," that there is no genuine issue of material fact.  *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "When a party has moved for summary judgment on the basis of asserted facts supported as required by [Federal Rule of Civil Procedure 56(e)] and has, in accordance with local court rules, served a concise statement of the material facts as to which it contends there exist no genuine issues to be tried, those facts will be deemed admitted unless properly controverted by the nonmoving party."  *Glazer v. Formica Corp.*, 964 F.2d 149, 154 (2d Cir. 1992).

To defeat a motion for summary judgment, the non-movant must set out specific facts showing that there is a genuine issue for trial, and cannot rest merely on allegations or denials of the facts submitted by the movant.  FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case."); *Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525-26 (2d Cir. 1994).  To that end, sworn statements are "more than mere conclusory allegations subject to disregard . . . they are specific and detailed allegations of fact, made under penalty of perjury, and should be treated as evidence in deciding a summary

---

[1] Defendant filed a Reply to Plaintiff's Response, to which Plaintiff filed a Sur-Reply.  Dkt. Nos. 19 & 22.  The Court has reviewed all of the papers submitted in connection with the pending dispositive Motion.

judgment motion" and the credibility of such statements is better left to a trier of fact. *Scott v. Coughlin*, 344 F.3d at 289 (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983) and *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995)).

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, mere conclusory allegations, unsupported by the record, are insufficient to defeat a motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. DISCUSSION

### A. Facts

The Court has reviewed the papers filed in support of and in opposition to the pending Motion and finds that there is no genuine dispute as to the material facts, which are as follows.

On December 10, 2014, while incarcerated at Eastern Correctional Facility, Plaintiff filed

a grievance complaining that he had been habitually harassed by correction officers and not permitted to wear a specific hairstyle; the grievance was assigned case number ECF-26147-14. Dkt. No. 14-1, Jeffery Hale Decl., dated May 13, 2015, at ¶¶ 11, 14-15, & Ex. A. Because that grievance contained an allegation of employee harassment, it was filtered through the expedited grievance process whereby it was forwarded directly to the superintendent for review. *Id.* at Ex. B. This grievance, which did not raise any issues relevant to the current action, was decided by the superintendent on December 24, 2014. *Id.* On that same date, Plaintiff appealed the grievance to the Central Office Review Committee ("CORC"). Within that appeal packet, Plaintiff included documents that allege that Defendant Labatte interfered with his legal mail and correspondence. *Id.*, Ex. B at pp. 22-26 & 28.[2] On April 29, 2015, CORC issued a decision on that appeal upholding the superintendent's decision as to the claims presented to the superintendent. *Id.*, Ex. C. As to the complaints regarding interference with mail, CORC "advised [Fox] to address correspondence issues to mailroom staff[.]" *Id.*

Prior to receiving that CORC decision, Plaintiff wrote several letters, dated December 25, 2014, January 18, 2015, January 23, 2015, which concern the subject matter of this litigation, and were filed on January 26, 2015, as one grievance: ECF-26198-15.[3] Dkt. No. 14-2, Thomas Mauro Decl., dated May 15, 2015, at ¶¶ 7-8 & Ex. A. On February 4, 2015, the Inmate Grievance Review Committee ("IGRC") issued a decision finding that the proper procedure had been followed. *Id.*,

---

[2] Citations to the Exhibits attached to Mr. Hale's Declaration are to those page numbers noted on the bottom right corner of the Exhibits.

[3] A fourth letter, dated February 24, 2015, was subsequently consolidated with the grievance. Mauro Decl., Ex. A.

Ex. A at pp. 16-17.[4]  On that same date, Plaintiff appealed the grievance to the superintendent.  *Id*. The superintendent denied the grievance on April 9, 2015.  *Id*., Ex. A at p. 1.

Plaintiff signed the Complaint in this action on February 2, 2015, and it was received for filing by the Court on February 20, 2015.  Dkt. No. 1.

## B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citations omitted).  Exhaustion is similarly required even if the prisoner asserts futility as an excuse.  *See Booth v. Churner*, 531 U.S. 731, 741 n.6 (2001) (refusing to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise") (cited in *Marvin v. Goord*, 255 F.3d 40, 43 (2d Cir. 2001)).  Accordingly, the exhaustion requirements apply even where the grievance process does not permit an award of money damages and the prisoner seeks only money damages, provided the grievance tribunal has the authority to take some responsive action.  *See Thomas v. Wright,* 2002 WL 31309190, at *5 (N.D.N.Y. Oct. 11, 2002) (citing *Booth v. Churner*, 531 U.S. 731 (2001)).

In New York State, the administrative remedies consist of a three-step review process.  First, a grievance is submitted to the Inmate Grievance Resolution Committee ("IGRC"), a committee

---

[4] Citations to the Exhibits attached to Mr. Mauro's Declaration are to those page numbers noted on the bottom right corner of the Exhibits.

comprised of both inmates and facility employees.[5] N.Y. COMP. CODES R. & REGS. tit. 7, § 701.5(b). The IGRC reviews and investigates the formal complaints and then issues a written determination. *Id.* Second, upon appeal of the IGRC decision, the superintendent of the facility reviews the IGRCs determination and issues a decision. *Id.* at § 701.5(c). Finally, upon appeal of the superintendent's decision, the Cental Office Review Committee ("CORC") makes the final administrative determination. *Id.* at § 701.5(d). Only upon exhaustion of these three levels of review may a prisoner seek relief pursuant to § 1983 in federal court. *Bridgeforth v .Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010) (citing, *inter alia*, *Porter v. Nussle*, 534 U.S. 516, 524 (2002)); *see also Neal v. Goord*, 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516.

Defendant contends that this action should be dismissed due to Plaintiff's failure to fully exhaust his available administrative remedies prior to bringing the action. Dkt. No. 14. In response, Plaintiff contends that on several occasions, the grievance supervisor thwarted Plaintiff's efforts to utilize the grievance procedure. Dkt. No. 18. For example, Plaintiff contends that he filed a grievance on December 14, presumably about Defendant Labatte, but the grievance supervisor failed to process it or delayed thirty days before filing the grievance. Dkt. No. 18, Pl.'s Statement Pursuant to Rule 7.1(a)(3), at ¶¶ 4 & 7. According to Plaintiff, the grievance supervisor told him that he would not send his grievance to CORC and that Plaintiff was wasting his time because his grievance would be denied. *Id.* at ¶¶ 6 & 8.

The Complaint in this matter is dated February 2, 2015. Pursuant to the prisoner mailbox

---

[5] The IGRC is a five-member body consisting of two voting inmates, two voting staff members, and a non-voting chair (who may be an inmate, staff member of volunteer). N.Y. COMP. CODES R. & REGS tit.7, § 701.4.

rule,[6] the day the pleading is signed is presumed to be the date the pleading is filed, regardless of the fact that it appears to bear a postmark of February 6, 2015 and that the Court received and filed the Complaint on February 10, 2015. Even if we were to credit Plaintiff's assertions as true, it does not ultimately affect the Court's view of the undisputed facts. Eventually, Plaintiff was able to file a grievance regarding the subject matter of this action, on January 26, 2015. This grievance may very well be the grievance which Plaintiff claims was delayed by thirty days. Nevertheless, Plaintiff was aware that his grievance was filed on that date, and instead of waiting for a response from the IGRC, he drafted his Complaint. While it is not entirely clear when Plaintiff submitted his Complaint to prison authorities for placement in the mailbox, the pleading contains a postmark of February 6, 2015, which is a mere two days after Plaintiff submitted his appeal to the superintendent. Plaintiff did not appeal the superintendent's decision to CORC. Plaintiff's complaints regarding the delay in filing the grievance and statements made to deter him from filing a grievance do not undermine the undisputed fact that his grievance was filed, processed, and investigated, decided, and appealed.

It is therefore clear that with regard to the grievance filed concerning the subject matter of this litigation, Plaintiff did not exhaust all of his available administrative remedies prior to bringing the within action. His failure to comply with the correctional facility's procedures and submit his claim at all three levels of review prior to bringing this action requires dismissal. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle*, 534 U.S. 516, 532

---

[6] The Second Circuit has held that due to the unique difficulties faced by incarcerated *pro se* litigants, a prisoner's pleading is deemed to be properly filed at the time he or she hands the papers to the prison authorities for transmittal to the court. *Dory v. Ryan*, 999 F.2d 679, 681-82 (2d Cir. 1993), *modified on reh'g*, 25 F.3d 81 (2d Cir. 1994); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001), *cert. denied*, 534 U.S. 886 (2001) (extending "prison mailbox rule" to petitions seeking writ of *habeas corpus* pursuant to 28 U.S.C. § 2254); *Harmon v. People of State of New York*, 2001 WL 1590522, at *1 n.2 (E.D.N.Y. Dec. 11, 2001) (citations omitted). It is presumed that a prisoner handed the pleading to the prison guard on the date he signed the complaint. *Shaw v. Superintendent Attica Corr. Fac.*, 2007 WL 951459, at *3 n.3 (N.D.N.Y. Mar. 28, 2007) (*habeas corpus*); *Garraway v. Broome County, New York*, 2006 WL 931729, at *3-4 (N.D.N.Y. Apr. 7, 2006) (prisoner civil rights).

(2002); *see also Woodford v. NGO*, 548 U.S. 81, 88 (2007) (holding that in order to exhaust administrative remedies, the inmate must follow the administrative procedure set forth by the facility). Furthermore, Plaintiff cannot circumvent the procedures set forth by the facility by submitting a backdoor appeal to CORC by raising the issue for the first time, as he did with grievance number ECF 26147-14. *Woodford v. NGO*, 548 U.S. at 88.

### III. CONCLUSION

Accordingly, since the undisputed facts show that the Plaintiff failed to fully exhaust his available administrative remedies prior to bringing this action, it is hereby

**RECOMMENDED** that Defendant's Motion for Summary Judgment (Dkt. No. 14) be **GRANTED** and this case be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:   March 11, 2016
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge