UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAVELL FOX,

                    Plaintiff,

       -against-                                    9:15-cv-0144 (LEK/DJS)

DIANE LABATTE, Steward, Eastern NY
Correctional Facility,

                      Defendant.

## **DECISION and ORDER**

This matter comes before the Court following a Report-Recommendation filed on March 11, 2016, by the Honorable Daniel J. Stewart, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 24 ("Report-Recommendation").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

No objections were filed in the allotted time period. See Docket. Accordingly, the Court has reviewed the Report-Recommendation for clear error. In considering Plaintiff's claim that he was denied access to grievance procedures, the Report-Recommendation does not recognize the test set forth by the Second Circuit regarding a failure to exhaust under the Prison Litigation Reform Act ("PLRA"). Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004); see also 42 U.S.C. § 1997e(a). We address the parties' arguments under this framework here.

When a plaintiff "plausibly seeks to counter" an exhaustion argument under the PLRA, a three-part inquiry is appropriate. Hemphill, 380 F.3d at 686. First, a court asks whether administrative remedies are available to the prisoner. Id. A remedy is "unavailable" if the procedures in place do not properly allow a successful grievance to be enforced. Abney v. McGinnis, 380 F.3d 663, 668-69 (2d Cir. 2004). Second, a court must determine whether a defendant has either failed to timely plead the defense or by prior actions which estop that defendant from raising the defense. Hemphill, 380 F.3d at 686; Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (per curiam). Finally, if there are "special circumstances" alleged which would justify a failure to comply with exhaustion requirements, a finding of failure to exhaust will be inappropriate. Hemphill, 380 F.3d at 686; see also Giano v. Goord, 380 F.3d 670, 678-79 (2d Cir. 2004) (finding exhaustion unnecessary when Plaintiff reasonably interpreted prison rules to raise his grievance in another forum); Rodriguez v. Westchester Cty. Jail Corr. Dep't, 372 F.3d 485, 487 (2d Cir. 2004) (finding exhaustion unnecessary when Plaintiff reasonably interpreted caselaw not to require

exhaustion, even when the Supreme Court later rejected that interpretation).

Under this framework, Plaintiff's arguments to ignore his lack of exhaustion fail. First, while Plaintiff's grievance was delayed, this is not the type of unavailability contemplated in Abney. Ruggiero v. County of Orange, 467 F.3d 170, 176 (2d Cir. 2006). The grievance process was actually used in Plaintiff's case and was not insufficient to provide him with a remedy for Defendant's alleged constitutional violations. Therefore, the Court finds that administrative remedies were available to Plaintiff.

Second, Defendant has not waived the exhaustion defense, as it is raised in Defendant's first responsive pleading. Dkt. No. 14-4 ("Memorandum") at 6-12. Furthermore, Defendant is not estopped from asserting this defense. Plaintiff alleges in detail that prison officials deliberately interfered with his access to the grievance procedure. Dkt. Nos. 18-2 ("Response Memorandum") at 13-19; 22 ("Sur-Reply") at 4-6. However, while Plaintiff alleges that Defendant was involved in the delay of his access to the grievance procedure, Resp. Mem. at 13, the only facts he provides discuss the grievance supervisor's actions in delaying his access to grievance procedures. A party can only be estopped from asserting an exhaustion defense if they were personally involved in the restriction of access to administrative remedies. Rambert v. Mulkins, No. 11 Civ. 7421, 2014 WL 2440747, at *12 (S.D.N.Y. May 30, 2014); see also Butler v. Martin, No. 07 Civ. 521, 2010 WL 980421, at *5 (N.D.N.Y. Mar. 15, 2010) ("Even if, as alleged, Plaintiff's grievances were discarded, Plaintiff offers no evidence that a particular officer discarded the grievances."). Since Plaintiff does not discuss any actions taken by Defendant to deny him access to the grievance procedure, Defendant is not estopped from asserting this defense.

Finally, Plaintiff does not raise any special circumstances that would warrant a reasonable

3

belief that exhaustion was not necessary or appropriate in this case. The Court finds no such special circumstances in this case justifying Plaintiff's failure to comply with administrative procedure.

As a result, the Court finds that Plaintiff's failure to fully exhaust his administrative remedies is not justified and has found no other clear error upon review of the Report-Recommendation. Therefore, the Court adopts the remainder of Judge Stewart's Report-Recommendation.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 24) is **APPROVED and ADOPTED as MODIFIED**; and it is further

**ORDERED**, that Defendant's Motion (Dkt. No. 14) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     March 31, 2016
                Albany, NY

Lawrence E. Kahn
U.S. District Judge